UNITED STATES of America ex rel.
Verle G. CONARD

v.

James F. MARONEY, Superintendent State Correctional Institution, Pittsburgh 33, Pennsylvania.

Misc. No. 3368.

United States District Court
W. D. Pennsylvania.

Dec. 13, 1963.

ROSENBERG, District Judge.

This petition follows an appeal presented to the United States Court of Appeals for the Third Circuit, which was denied on August 15, 1963, United States of America ex rel. Verle G. Conard v. State of Maryland, Carrol County, No. 14,548, to grant a Writ of Habeas Corpus addressed to Carroll County Courthouse, Maryland, in which the petition had asked the Maryland Court to cause him to be brought to Maryland to stand trial.

The petitioner is confined in the State Correctional Institution at Pittsburgh, Pennsylvania. The present petition recites that the petitioner is being illegally and unlawfully restrained; that the conviction, sentence and commitment are null and void and without authority of law, as well as without due process; that the petitioner cannot legally enter the United States Supreme Court because the statutory time for filing is past; that he was denied a preliminary hearing and declared a fugitive when prosecuting authorities knew he was in prison where he formally petitioned for hearing; that he was compelled to undergo cruel and inhuman punishment while an untried prisoner for not pleading guilty as ordered by the county prison authorities; that he was indicted by a grand jury without the presentation of physical evidence material to the cause; that he was convicted by a petit jury on the credibility of state witnesses testifying of physical evidence which was allegedly thrown away before indictment and trial; that no photographs were presented; that the trial court refused the petitioner and his counsel the right to a defense when the court refused to order an essential exhibit in the possession of the state to be entered as evidence or to be brought into court by the prosecution to prove its cause; that the petitioner was tried upon an indictment not signed by the trial district attorney or authenticated by the clerk of court; that he was sentenced on a charge of armed robbery and found guilty of a prison breach, and the trial judge had said it makes no difference.

The petition presents much legalistic discussion which is neither apt or helpful. The fact that the petition is prepared by one not versed in law or sufficiently educated to set out a petition in

proper fashion is here considered by the Court and the petition carefully examined to sift out any matter of merit.

This petition, however, lacks both fact and persuasion. At the most it presents a great many conclusions. All of which when added together do not convince me that there is anything of merit which would require the issuance of a writ of habeas corpus as requested. Neither does it appear that resort has been had to the state courts and that there was an exhaustion of remedies. The petition for a writ of habeas corpus will be denied.